USDC IN/ND case 2:24-cv-00089-PPS-AZ document 5 filed 02/27/24 page 1 of 7

64D01-2402-CT-001992
Porter Superior Court

Filed: 2/27/2024 7:02 PM
Clerk
Porter County, Indiana

| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT VALPARAISO, INDIANA |

| | | |
|---|---|---|
| SUNNY HASKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Cause No.: _____ |
| | ) | |
| AHEPA AFFORDABLE HOUSING | ) | |
| MANAGEMENT COMPANY, INC., d/b/a | ) | * JURY DEMAND INCLUDED * |
| AHEPA SENIOR LIVING | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, by counsel Patrick B. McEuen of McEUEN LAW OFFICE, files this complaint against the Defendant, and states to the court as follows:

**Jurisdiction and Venue**

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et.seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

2. This action seeks redress for discrimination and retaliation in employment based upon disability, and in retaliation for engaging in protected activity under the Family and Medical Leave Act.

3. The claims made in this Complaint occurred and arose in the State of Indiana, and plaintiff is a resident of Porter County. Venue is therefore proper pursuant to Trial Rule 75(5).

**Parties**

4. Plaintiff was, at all times relevant, an "eligible employee" within the meaning of the FMLA and she engaged in protected activity as condition precedent of the retaliation claim set forth herein.

# EXHIBIT 2

5. Ahepa Affordable Housing Management Co., Inc., d/b/a "Ahepa Senior Living" (hereinafter "Ahepa") is a non-profit employer operating residential housing centers/apartments within the State of Indiana, and at all times relevant was an "employer" within the meaning of the FMLA.

**Statement of Facts**

6. Plaintiff began her employment with Ahepa in approximately January 2007.

7. Ahepa was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

8. At the time of the incidents relevant hereto, Plaintiff was employed by Ahepa as a Maintenance/Janitorial staffer at its business location in Indiana.

9. On May 17, 2022, Plaintiff asked a co-worker to call her an ambulance, as she was feeling unwell. Plaintiff was diagnosed with COVID-19, Hypomagnesemia, Hyperglycemia, Septic Shock and a Urinary Tract infection.

10. Although Plaintiff had suffered prior undifferentiated seizures in May and November 2021, Plaintiff did not suffer a seizure on May 17, 2022.

11. Plaintiff's physician cleared her to return to work on May 31, 2022.

12. Ahepa refused to accept this release and deemed Plaintiff "disabled" with a seizure disorder requiring clearance from by a third-party physician Plaintiff had never visited.

13. By assuming that Plaintiff was "disabled", Ahepa discriminated against her, and forced her to obtain medical clearance from a "disability" with which she had never been diagnosed.

14. On June 1, 2022, Ahepa's preferred physician assistant released Plaintiff to return to work with a limitation "no safety sensitive work due to seizure history", despite that Plaintiff's absence from work did not result from a seizure.

15. On or about June 9, 2022, Ahepa advised Plaintiff that she could not return to work with the restrictions, which were restrictions resulting from a "disability" Ahepa made up and which did not manifest on May 17, 2022.

16. On August 15, 2022, Plaintiff was fully-cleared to return to work without restrictions.

17. On August 17, 2022, Plaintiff returned to work.

18. On August 23, 2022, Plaintiff lost consciousness at work.

19. On August 26, 2023, Ahepa requested a "reasonable accommodation" meeting with Plaintiff.

20. AHEPA Regional Manager Julie Hylek and Human Resources Manager Michelle Birky worked with Ms. Haskins to establish a plan to check in with her throughout the day to ensure she was accounted for, and a plan for AHEPA to call her emergency contacts, then an ambulance should she lose consciousness again.

21. On August 30, 2023, Plaintiff requested time to consider the proposed accommodations.

22. On September 26, 2022, AHEPA Human Resources, including Ms. Birky, in consultation with other HR employees Crystal Hendrix and Jane Richardson, elected to terminate Ms. Haskins in retaliation for her protected activity of seeking a "reasonable accommodation", asserting her rights under the Americans with Disabilities Act, and for receiving Family Medical Leave.

23. On February 3, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting the termination violated the Americans with Disabilities Act and was in retaliation for her protected activity of obtaining Family Medical Leave.

21. On November 28, 2023, Plaintiff was issued a Notice of Right to Sue. Attached hereto and incorporated herein as if fully set forth as Exhibit "A" is a true and correct copy of the Plaintiff's Notice of Right to Sue.

**COUNT I**

22. Plaintiff realleges and incorporates the allegation of Paragraphs 1-21 as if fully set forth herein.

27. This action is brought for discrimination in employment pursuant to the Americans with Disabilities Act, as codified, 42 U.S.C. § 12101, *et.seq.,* on the basis of Plaintiff's perceived disability.

28. Ahepa has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, falsely asserting that on May 17, 2022, Plaintiff suffered a seizure, termination of Plaintiff's employment, unequal terms and conditions of Plaintiff's employment, and retaliation.

29. Plaintiff has exhausted her administrative remedies.

30. As a direct and proximate result of Ahepa's violation of the Americans with Disabilities Act, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

**COUNT II**

31. Plaintiff realleges and incorporates the allegation of Paragraphs 1-21 as if fully set forth herein.

32. This action is brought for retaliation by Ahepa for Plaintiff's exercise of her legally-protected rights pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

33. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

34. Ahepa violated the FMLA by terminating Plaintiff's employment and refusing to reinstate Plaintiff to her prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work.

35. Ahepa interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by refusing her request to be reinstated to her full time position or a reasonably equivalent full time position.

36. Ahepa's failure to reinstate Plaintiff, without a "perceived" disability or work restrictions, is both a violation of the FMLA and constitutes unlawful retaliation.

37. Ahepa's failure or refusal to reinstate Plaintiff without work restrictions, and instead treated her as a person with a disability, interfered with Plaintiff's right to take FMLA leave previously approved.

**COUNT III – Retaliation**

38. Plaintiff realleges and incorporates the allegation of Paragraphs 1-21 as if fully set forth herein.

39. Since at least May 30, 2022, Ahepa has engaged in unlawful retaliatory practices in violation of Section 105 of the Family Medical Leave Act, and the prohibition against retaliation under the Americans with Disabilities Act, by terminating the employment of Plaintiff because she opposed discriminatory practices and negotiated reasonable accommodations under the Americans with Disabilities Act, and/or obtained approved Family Medical Leave.

40. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

41. The unlawful employment practices described above were intentional.

42. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

43. Ahepa interfered with the exercise of Plaintiff's right to unpaid leave, and interfered with the negotiation of reasonable accommodations under the Americans with Disabilities Act, including terminating Plaintiff's employment, and failing to provide Plaintiff with sufficient time to consider accommodations.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

b. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate;

c. Attorney's fees, expert witness fees, and costs of this action;

d. Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Patrick B. McEuen
Patrick B. McEuen, Atty. No. 17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
(219) 762-7738
Attorney for Plaintiff